BLONDET, PLAINTIFF AND APPELLEE, *v.* BENÍTEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the Second District Court of San Juan in an Action of Unlawful Detainer.—Motion for Dismissal.

No. 3152.—Decided November 8, 1923.

APPEAL—UNLAWFUL DETAINER—ORDINARY ACTION.—An appeal will not be dismissed in a so-called action of unlawful detainer on the ground that it was taken six days after entry of judgment, for when the plaintiff does not elect the special proceeding of the Unlawful Detainer Act of 1905, but brings an ordinary action under the Code of Civil Procedure, the time within which an appeal may be taken is governed by section 295 of the Code of Civil Procedure as amended in 1908.

The facts are stated in the opinion.

*Mr. M. Tous Soto* for the appellants.

*Messrs. R. H. Blondet* and *J. Valldejuli* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The appellee moved for dismissal of the appeal taken by the defendant-appellants on the ground that the said appeal was taken six days after the judgment had been docketed.

The appellants opposed the motion, alleging that the proceeding elected by the plaintiff was not the special proceeding

provided for in the Unlawful Detainer Act of March 9, 1905, and that, therefore, the time within which to appeal was that fixed by the Code of Civil Procedure.

In support of their opposition the appellants, without objection by the other party, have filed an affidavit signed by their attorney wherefrom it appears that the preliminary hearing to which section 4 of the Unlawful Detainer Act refers was not held, and that as the summons was attacked because it was issued in the ordinary form, the court below overruled the objection and held that the plaintiff could elect between the ordinary proceeding for eviction and the special proceeding of the Unlawful. Detainer Act.

The question being thus presented in the sense that the proceeding brought in the lower court was not the special proceeding of unlawful detainer, but an ordinary action under the provisions of the Code of Civil Procedure, the latter could not be abandoned in order to resort to the special Act for the purpose of applying some of its provisions. Therefore, the time within which an appeal may be taken in this case is governed by the provisions of section 295 of the Code of Civil Procedure, as amended by the Act of March 11, 1908.

The appellee's motion must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.